UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARJORIE GASPARD<br><br>                          Plaintiff,<br>  -against-<br><br>KINGS AUTOSHOW INC. d/b/a BROOKLYN MITSUBISHI, GM FINANCIAL d/b/a AMERICREDIT FINANCIAL SERVICES, INC. and "JOHN DOE" a fictitious name for a party whose real name is not known,<br><br>                         Defendants. | Civil Action No.:<br>1:20-cv-02896-AMD-JO<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS** |

Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), incorrectly sued herein as GM Financial d/b/a AmeriCredit Financial Services, Inc., by and through its undersigned counsel, answers Plaintiff's Complaint and asserts the affirmative defenses and cross-claims as follows:

## ANSWER TO PRELIMINARY STATEMENT

1.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

2.    Admitted in part and denied in part. GM Financial admits that Plaintiff alleges the claims referenced in this paragraph. GM Financial denies the remaining allegations in this paragraph.

## ANSWER TO JURISDICTION AND VENUE

3.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

4.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

5.    Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

6. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

## ANSWER TO PARTIES

7. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

8. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

9. Admitted.

10. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

11. Admitted.

12. Admitted.

13. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

14. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## ANSWER TO FACTS

16. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

22. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

23. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

25. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

26. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

27. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

28. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

29. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

LEGAL/132398390.v1

30. Admitted in part and denied in part. GM Financial admits that Plaintiff called GM Financial after purchasing the vehicle. GM Financial denies the remaining allegations in this paragraph.

31. Denied.

32. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

33. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Denied.

39. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

40. Admitted.

41. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

43. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

44. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

45. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

46. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

47. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

48. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

49. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**ANSWER TO FIRST CLAIM FOR RELIEF**
**Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et. seq.* ("ECOA")**
**(As to the Dealership and AmeriCredit)**

50. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

51. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

52. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

53. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

54. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

55. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

LEGAL/132398390.v1

56.     Denied.

57.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response.

### ANSWER TO SECOND CLAIM FOR RELIEF
### Fair Debt Collection Practices Act, 15 U.S.C. § 1691, *et. seq.*  ("FDCPA")
### (As to John Doe)

58.     GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

59.     The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

60.     The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

61.     The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

62.     The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

63. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

64. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

65. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

**ANSWER TO THIRD CLAIM FOR RELIEF**
**New York Uniform Commercial Code ("UCC")**
**(As to the Dealership)**

66. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

67. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

68. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

69. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

70. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

**ANSWER TO FOURTH CLAIM FOR RELIEF**
**New York General Business Law § 349 ("NYGBL § 349")**
**(As to the Dealership and Americredit)**

71. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

72. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

73. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

74. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

75. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

76. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

77. Denied.

78. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

79. Denied.

### ANSWER TO FIFTH CLAIM FOR RELIEF
### New York General Business Law § 350 ("NYGBL § 350")
### (As to the Dealership and Americredit)

80. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

81. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

82. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

83. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

84. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

85. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

86. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

87. Denied. GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

88. Denied.

89. Denied.

### ANSWER TO SIXTH CLAIM FOR RELIEF
### Conversion

**(As to Dealership)**

90. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

91. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

92. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

93. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

94. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

95. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

96. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

97. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

98. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

99. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**
**Fraud**
**(As to the Dealership and Americredit)**

100. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

101. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

102. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

103. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

104. Denied.  GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

105. Denied.

## ANSWER TO EIGHTH CLAIM FOR RELIEF
### Breach of Contract
### (As to the Dealership)

106. GM Financial incorporates its responses to the allegations in the previous paragraphs as though fully set forth herein.

107. The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

108. The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

109. The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

110. The allegations in this paragraph are not directed to GM Financial and therefore no response is required.  To the extent that any response is required, the allegations in this

paragraph constitute conclusions of law to which no response is required and are therefore denied.

111. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

112. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

113. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, GM Financial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

114. The allegations in this paragraph are not directed to GM Financial and therefore no response is required. To the extent that any response is required, the allegations in this paragraph constitute conclusions of law to which no response is required and are therefore denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to set forth a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the Doctrine of Unclean Hands.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE

The damages that Plaintiff alleges were not caused by and are not the result of any conduct, act or omission of GM Financial.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, which are specifically denied.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Even if GM Financial committed the violations alleged, which is denied, Plaintiff has incurred no damages as a result of GM Financial's purported conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or any other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of GM Financial.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Doctrine of Estoppel.

## TENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which GM Financial denies, was due to the affirmative actions and/or omissions of Plaintiff or others over whom GM Financial has no control and does not give rise to any liability of GM Financial or any damages from GM Financial.

## ADDITIONAL AFFIRMATIVE DEFENSES

GM Financial reserves the right to raise any other Affirmative Defenses not previously asserted within this Answer.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT KINGS AUTOSHOW FOR CONTRACTUAL INDEMNITY

1.     Without admitting the truth of same, the allegations of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

2.     GM Financial and Kings AutoShow, Inc. ("Kings AutoShow") entered into a contract pursuant to which Kings Autoshow agreed to indemnify and hold GM Financial harmless to the full extent of any and all liabilities, settlements, fines, penalties, judgments, attorney's fees and/or costs which may be incurred or expended by GM Financial in connection with any administrative proceeding or lawsuit which may be directed to GM Financial or to which GM Financial may be made a party arising directly or indirectly out of any default or alleged default under the contract.

3.     Plaintiff's allegations arise out of the default or alleged default of Kings Autoshow under the contract.

4.     If Plaintiff suffered any damages in this action and judgment is recovered against GM Financial, GM Financial is entitled to indemnification from Kings Autoshow for all or part of any judgment in this action and in such amount as shall be determined ultimately at the trial of this action.

5.     GM Financial is further entitled to all attorneys' fees and other costs of investigation and litigation arising out of this action and the facts that gave rise to Plaintiff's Complaint.

6.     Wherefore, GM Financial respectfully requests that, to the extent that it is found liable for Plaintiff's alleged damages by virtue of Kings Autoshow's acts or omissions, judgment

be entered in Defendant's favor for contractual indemnification and Kings Autoshow be ordered to indemnify GM Financial for any and all damages GM Financial is required to pay to Plaintiff, along with GM Financial's costs, attorney's fees, and such other and further relief as this Court deems proper.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT KINGS AUTOSHOW FOR COMMON LAW INDEMNITY

7. GM Financial incorporates each and every allegations made in paragraphs 1 through 6 as if fully set forth herein and further alleges as follows.

8. GM Financial is without active fault for any acts complained of by Plaintiff. In the event that GM Financial is ordered to pay damages to Plaintiff, it will have been ordered to do so solely as a result of the wrongful conduct of Co-Defendant Kings Autoshow.

9. As a result of the foregoing acts of Kings Autoshow, GM Financial is entitled to indemnification by Kings Autoshow for any amounts owed for damages, attorney's fees, or costs resulting from such liability.

10. Wherefore, GM Financial respectfully requests that, to the extent that it is found liable for Plaintiff's alleged damages by virtue of Kings Autoshow's acts or omissions, judgment be entered in GM Financial's favor for common law indemnification and Kings Autoshow be ordered to indemnify GM Financial for any and all damages GM Financial is required to pay to Plaintiff, along with GM Financial's costs, attorney's fees, and such other and further relief as this Court deems proper.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANT KINGS AUTOSHOW FOR CONTRIBUTION

11. GM Financial incorporates the prior paragraphs as if fully set forth herein and further alleges as follows.

12. GM Financial denies any culpability for the claims alleged in Plaintiff's Complaint.

13. Without admitting any liability on its own behalf, Kings Autoshow is solely liable to Plaintiff, liable over to GM Financial, or jointly and/or severally with GM Financial.

14. To the extent that GM Financial is subject to liability for damages based upon the acts or omissions of Kings Autoshow, GM Financial is entitled to contribution from New York Collateral.

15. Wherefore, GM Financial respectfully requests that, to the extent that it is found liable for Plaintiff's alleged damages by virtue of Kings Autoshow's acts or omissions, judgment be entered in favor of GM Financial for contribution and Kings Autoshow be ordered to contribute for any and all damages caused by Kings Autoshow, along with GM Financial's costs, attorney's fees, and such other and further relief as this Court deems proper.

**WHEREFORE**, Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial, demands judgment as follows:

1. Dismissing Plaintiff's Complaint, in its entirety;

2. Granting Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial's cross-claims;

3. Awarding the Defendant, AmeriCredit Financial Services, Inc. d/b/a GM Financial's costs and disbursements of this action, including attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

17

Dated: New York, New York
       September 4, 2020

                Yours, etc.

                MARSHALL DENNEHEY WARNER
                COLEMAN & GOGGIN

BY: _____/s/ R. David Lane Jr._____
                R. David Lane Jr. (RL 2806)
                *Attorneys for Defendant*
                *AmeriCredit Financial Services, Inc.*
                *d/b/a GM Financial*
                Wall Street Plaza
                88 Pine Street – 21st Floor
                New York, NY  10005-1801
                (212) 376-6400
                *E-mail:  rdlane@mdwcg.com*
                File:  40651.00175