UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| MARJORIE GASPARD, | Case No.: 1:20-cv-02896-AMD-JO |
| Plaintiffs, | |
| -against- | AMENDED ANSWER TO FIRST AMENDED COMPLAINT |
| KINGS AUTOSHOW INC. d/b/a BROOKLYN MITSUBISHI; GM FINANCIAL d/b/a AMERICREDIT FINANCIAL SERVICES, INC.; LOCATION SERVICES, LLC d/b/a TCAR RECOVERY SERVICES; and SOUTHLINER, INC. f/k/a TCAR AUTOMOTIVE SERVICES, INC. f/k/a TCAR AUTOMATIVE SERVICES, INC. d/b/a TCAR RECOVERY SERVICES, | |
| Defendants. | |

------------------------------------------------------------------x

The Defendant, Location Services, LLC i/s/h/a Location Services, LLC d/b/a TCAR Recovery Services ("Location Services, LLC"), by its attorneys, Kennedys CMK, LLP, answering the Amended Complaint, herein upon information and belief as follows:

## PRELIMINARY STATEMENT

1. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "1" and refers all questions of law to this Honorable Court.

2. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "2" and refers all questions of law to this Honorable Court.

## JURISDICTION AND VENUE

3. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "3" and refers all questions of law to this Honorable Court.

4. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "4" and refers all questions of law to this Honorable Court.

5. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "5" and refers all questions of law to this Honorable Court.

6. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "6".

## PARTIES

7. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "7".

8. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "8".

9. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "9".

10. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "10".

11. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "11".

12. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "12".

13. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "13".

14. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "14" and admit Defendant Location Services, LLC is a foreign company duly registered, authorized and qualified to do business in New York.

15. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "15".

16. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "16" and refers all questions of law to this Honorable Court.

17. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "17".

## FACTS

18. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "18".

19. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "19".

20. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "20".

21. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "21".

22. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "22".

23. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "23".

24. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "24".

25. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "25".

26. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "26".

27. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "27".

28. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "28".

29. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "29".

30. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "30".

31. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "31".

32. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "32".

33. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "33".

34. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "34".

35. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "35".

36. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "36".

37. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "37".

38. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "38".

39. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "39".

40. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "40".

41. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "41".

42. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "42".

43. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "43".

44. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "44".

45. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "45".

46. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "46".

47. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "47".

48. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "48".

49. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "49".

50. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "50".

51. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "51".

<u>**FIRST CLAIM FOR RELIEF**</u>
**Federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*. ("ECOA")**
**(As to the Dealership and Americredit)**

52. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "52".

53. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "53".

54. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "54".

55. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "55".

56. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "56".

57. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "57".

58. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "58".

59. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "59".

## SECOND CLAIM FOR RELIEF
**Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA")**
**(As to the Repossession Company)**

60. In response to paragraph "60" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "59" with the same force and effect as though fully set forth herein.

61. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "61" and refers all questions of law to this Honorable Court.

62. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "62" and refers all questions of law to this Honorable Court.

63. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "63" and refers all questions of law to this Honorable Court.

64. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "64".

65. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "65".

66. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "66".

67. Denies each and every allegation contained in the paragraph of the Amended Complaint numbered "67".

## THIRD CLAIM FOR RELIEF
**New York Uniform Commercial Code ("UCC")**
**(As to the Dealership)**

68. In response to paragraph "68" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial

heretofore made in response to paragraphs "1" through "67" with the same force and effect as though fully set forth herein.

69. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "69".

70. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "70".

71. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "71".

72. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "72".

**FOURTH CLAIM FOR RELIEF**
**New York General Business Law § 349 ("NYGBL § 349")**
**(As to the Dealership and Americredit)**

73. In response to paragraph "73" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "72" with the same force and effect as though fully set forth herein.

74. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "74".

75. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "75".

76. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "76".

77. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "77".

78. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "78".

79. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "79".

80. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "80".

81. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "81".

**FIFTH CLAIM FOR RELIEF**
**New York General Business Law § 350 ("NYGBL § 350")**
**(As to the Dealership and Americredit)**

82. In response to paragraph "82" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "81" with the same force and effect as though fully set forth herein.

83. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "83".

84. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "84".

85. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "85".

86. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "86".

87. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "87".

88. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "88".

89. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "89".

90. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "90".

91. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "91".

<u>**SIXTH CLAIM FOR RELIEF**</u>
**Conversion**
**(As to the Dealership)**

92. In response to paragraph "92" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "91" with the same force and effect as though fully set forth herein.

93. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "93".

94. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "94".

95. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "95".

96. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "96".

97. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "97".

98. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "98".

99. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "99".

100. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "100".

101. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "101".

### SEVENTH CLAIM FOR RELIEF
### Fraud
### (As to the Dealership and Americredit)

102. In response to paragraph "102" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "101" with the same force and effect as though fully set forth herein.

103. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "103".

104. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "104".

105. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "105".

106. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "106".

107. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "107".

## EIGHTH CLAIM FOR RELIEF
## Breach of Contract
## (As to the Dealership)

108. In response to paragraph "108" of Plaintiff's Amended Complaint, Defendant, Location Services, LLC, repeats, reiterates and realleges each and every admission or denial heretofore made in response to paragraphs "1" through "107" with the same force and effect as though fully set forth herein.

109. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "109".

110. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "110".

111. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "111".

112. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "112".

113. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "113".

114. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "114".

115. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "115".

116. Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the Amended Complaint numbered "116".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

117. The Complaint fails to assert a claim upon which relief can be granted, in that it fails to plead a valid cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

118. The Complaint asserts frivolous claims against this Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

119. Plaintiff's claims are barred in whole, or in part based on documentary evidence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

120. Plaintiff's breached the terms of her Finance and/or Purchase Agreement with Kings AutoShow, Inc. d/b/a Brooklyn Mitsubishi ("Brooklyn Mitsubishi").

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

121. Plaintiff's claims are barred, in whole or in part, by the failure to fully perform the duties required under the Finance and/or Purchase Agreement with Brooklyn Mitsubishi.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

122. At all times relevant, defendant fulfilled the duties and obligations required of it whether arising from common law, statute, contract, or otherwise.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

123. Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and estoppel.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

124. Defendant has asserted its defenses based upon the facts as currently known to it, and hereby reserves its right to supplement these defenses as additional facts become known during the course of discovery.

### CROSS CLAIMS

### AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNITY
### AGAINST DEFENDANT, KINGS AUTOSHOW INC. d/b/a BROOKLYN MITSUBISHI

1. Without admitting the truth of same, the allegations of Plaintiff's Complaint are incorporated herein by reference as though fully set forth at length.

2. Kings AutoShow, Inc. d/b/a Brooklyn Mitsubishi ("Brooklyn Mitsubishi") entered into a contract pursuant to which Brooklyn Mitsubishi agreed to indemnify and hold harmless Location Services, LLC to the full extent of any and all liabilities, settlements, fines, penalties, judgments, attorney's fees and/or costs which may be incurred or expended by Location Services, LLC in connection with any administrative proceeding or lawsuit which may be directed to Location Services, LLC or to which Location Services, LLC may be made a party arising directly or indirectly out of services provided by Location Services, LLC to Brooklyn Mitsubishi.

3. Brooklyn Mitsubishi represented to Location Services, LLC that Brooklyn Mitsubishi had authorization to recover Plaintiff's vehicle alleged in her complaint.

4. Brooklyn Mitsubishi represented to Location Services, LLC that Brooklyn Mitsubishi had the present right to repossess Plaintiffs vehicle alleged in her complaint.

5. Brooklyn Mitsubishi made false representation to Location Services, LLC that it had authorization to recover and repossess Plaintiffs vehicle alleged in her complaint.

6. Location Services, LLC relied upon the representations made by Brooklyn Mitsubishi and had no notice that Brooklyn Mitsubishi representations in the aforementioned contract were false and/or misleading.

7. Plaintiff's allegations against Location Services, LLC arise out of representations made by Brooklyn Mitsubishi representations in the aforementioned contract.

8. If Plaintiff suffered any damages in this action and judgment is recovered against Location Services, LLC, Location Services, LLC is entitled to indemnification from Brooklyn Mitsubishi for all or part of any judgment in this action and in such amount as shall be determined ultimately at the trial of this action.

9. Location Services, LLC is further entitled to all attorneys' fees and other costs of investigation and litigation arising out of this action and the facts that gave rise to Plaintiff's Complaint.

10. Wherefore, Location Services, LLC respectfully requests that, to the extent that it is found liable for Plaintiff's alleged damages by virtue of Brooklyn Mitsubishi's acts or omissions, judgment be entered in Location Services, LLC's favor for contractual indemnification and Brooklyn Mitsubishi be ordered to indemnify Location Services, LLC for any and all damages Location Services, LLC is required to pay to Plaintiff, along with Location Services, LLC's costs, attorney's fees, and such other and further relief as this Court deems proper.

### AS AND FOR A CROSS-CLAIM FOR COMMON LAW INDEMNITY AGAINST DEFENDANT, KINGS AUTOSHOW INC. d/b/a BROOKLYN MITSUBISHI

11. Location Services, LLC incorporates the prior paragraphs as if fully set forth herein and further alleges as follows.

12. Location Services, LLC is without active fault for any acts complained of by Plaintiff. In the event that Location Services, LLC is ordered to pay damages to Plaintiff, it will have been ordered to do so solely as a result of the wrongful conduct of Brooklyn Mitsubishi.

13. As a result of the foregoing acts of Brooklyn Mitsubishi, Location Services, LLC is entitled to indemnification by Brooklyn Mitsubishi for any amounts owed for damages, attorney's fees, or costs resulting from such liability.

14. Wherefore, Location Services, LLC respectfully requests that, to the extent that it is found liable for Plaintiff's alleged damages by virtue of Brooklyn Mitsubishi's acts or omissions, judgment be entered in Location Services, LLC's favor for common law indemnification and Brooklyn Mitsubishi be ordered to indemnify Location Services, LLC for any and all damages Location Services, LLC is required to pay to Plaintiff, along with Location Services, LLC's costs, attorney's fees, and such other and further relief this Court deems proper.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION
## AGAINST DEFENDANT, KINGS AUTOSHOW INC. d/b/a BROOKLYN MITSUBISHI

15. Location Services, LLC incorporates the prior paragraphs as if fully set forth herein and further alleges as follows.

16. Location Services, LLC denies any culpability for the claims alleged in Plaintiff's Complaint.

17. Without admitting any liability on its own behalf, Brooklyn Mitsubishi is solely liable to Plaintiff, liable over to Location Services, LLC, or jointly and/or severally with Location Services, LLC.

18. To the extent that Location Services, LLC is subject to liability for damages based upon the acts or omissions of Brooklyn Mitsubishi, Location Services, LLC is entitled to contribution from Brooklyn Mitsubishi.

19. Wherefore, Location Services, LLC respectfully requests that to the extent that it is found liable for Plaintiff's alleged damages by virtue of Brooklyn Mitsubishi's acts or omissions, judgment be entered in favor of Location Services, LLC for contribution and Brooklyn Mitsubishi be ordered to contribute for any and all damages caused by Brooklyn Mitsubishi, along with Location Services, LLC's costs, attorney's fees, and such other and further relief as this Court deems proper.

**WHEREFORE**, Defendant prays for relief as follows:

1. Dismissing the Plaintiff's Amended Complaint, in its entirety;

2. Denying the relief sought by Plaintiff from Location Services, LLC in the Complaint;

3. Awarding Location Services, LLC's cross claims against Kings AutoShow, Inc. d/b/a Brooklyn Mitsubishi;

4. Awarding Location Services, LLC, the attorneys' fees and costs incurred in defending this action; and

5. For such other and further relief as this Court may deem just and equitable.

Dated: New York, New York
February 9, 2021

**KENNEDYS CMK LLP**

_____
Nitin Sain, Esq.
*Attorneys for Defendant*
570 Lexington Avenue – 8th Floor
New York, New York 10022
(646) 625-4000

To: (Service Via ECF)

**SCHLANGER LAW GROUP LLP**
Daniel A. Schlanger, Esq.
Attorneys for Plaintiff
80 Broad Street, Suite 1301
New York, New York 10004
(212) 500-6114

**CERTILMAN BALIN**
Attorneys for Defendant, Kings Autoshow Inc.
d/b/a Brooklyn Mitsubishi
90 Merrick Avenue
East Meadow, NY 11554

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
R. David Lane Jr., Esq.
Wall Street Plaza,
88 Pine Street, 21st Floor
New York, New York 10005